**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MELISSA RAGO, INDIVIDUALLY AND D/B/A RAGO FABRICATION | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: _____ |
| v. | § § | JURY TRIAL DEMANDED |
| OUTBOUND NEVADA LLC, A NEVADA LIMITED LIABILITY COMPANY, and BRIAN MASTERS, AN INDIVIDUAL | § § § § | |
| Defendants. | § § | |

**COMPLAINT**

Plaintiff Melissa Rago, individually and d/b/a Rago Fabrication ("Rago") complains against Defendants, Outbound Nevada LLC, and Brian Masters (collectively "Defendants") and alleges as follows:

**I.      PARTIES**

1.      Melissa Rago is an individual residing at 130 Black Buck Circle, Mountain Home, Texas 78058.

2.      Outbound Nevada LLC is a Nevada limited liability company owned and operated by Brian Masters with a registered address of 11117 Abbeyfield Rose Dr, Henderson, Nevada, 89052.

3.      Brian Masters is an individual and citizen of the state of Nevada residing at 11117 Abbeyfield Rose Dr, Henderson, Nevada, 89052.

**II.      JURISDICTION AND VENUE**

4.      This Complaint involves claims for unfair competition and trade dress infringement in violation of the *Lanham Act*, 15 U.S.C. §1125, common law trade dress infringement and common law unfair competition. This Court has jurisdiction over these claims under 28 U.S.C. §§1331 and 1338. The Court also has supplemental jurisdiction over Plaintiff's state law claims, under 28 U.S.C. § 1367 because they arise out of the same matters and transactions alleged in this complaint.

5.      This Court has personal jurisdiction over Defendants because the Defendants have established minimum contacts with the forum, and the exercise of jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice. Defendants have conducted business, solicited customers and infringed Rago's trade dress in the State of Texas.

6.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred and continue to occur in this judicial district.

### III.     FACTS

### A.  Rago Fabrication's Products

7.      Rago Fabrication was founded in April of 2013 when Mario Rago retired from the Navy. Mario Rago decided to start fabricating metal products based on his experience as an automotive technologist and education from Toyota's Technician Training & Education Network program. He also received prior training in metal fabrication, welding, and Commuter Numerical Control ("CNC") operations.

8.      Shortly after, Rago started designing off-road accessories, such as rock sliders[1] LED mounting brackets, and other mounting panels designed for vehicles, for sell to different companies and the general public. Rago also offered product design services to companies. For example, Rago sold one of its designs to another company that was interested in producing the Rago rock-sliders under its own label.

9.      Rago's LED brackets and mounting panels and related products are distinct within the "off-roading" community. The success of these products is no accident. It was earned through Rago's substantial investment in design innovation, product development, and industry wide marketing and advertising. As a result, Rago has not only developed several popular products: Rago has developed tremendous goodwill.

10.     Rago's products have a new and inherently distinct look and design not seen before in the off road accessories product categories. The products have a smooth, sturdy design with rounded corners and orifices and smooth rounded transition lines. Each of the products is further characterized by an overall, low profile look, which has quickly become popular and recognizable by the relevant customers. Rago claims trade dress protection in several of those products (collectively the "MSPS Trade Dress").[2] The MSPS Trade Dress includes the following:

a.      3rd Gen Toyota 4runner Modular Storage Panel System Trade Dress: 3rd Gen Toyota 4runner Modular Storage Panel System Trade Dress consists of a panel that is a generally trapezoidal shape with rounded corners. One of the non-parallel edges is generally strait and its opposite edge is generally rounded. The panel comprises a grid

---

[1] Rock sliders are metal bars that run along each side of a vehicle, from just behind the front wheel to just before the rear wheel, and just below the level of the door sills. Rock sliders are affixed to the vehicle's chassis, and their function is to protect the door sills and door bottoms from damage when crossing large obstacles.
[2] MSPS is an abbreviation for Modular Storage Panel System.

interior containing circular orifices at nodes within the grid (hereinafter the "Rago Grid") and six circular orifices along the lower edge, and six obround orifices staggered around the perimeter, creating a very distinctive design. This smooth, sturdy, low profile product provides Rago Fabrication an inherently distinct design that is aesthetically pleasing to its customers. A picture of the 3rd Gen Toyota 4runner Modular Storage Panel System Trade Dress is attached hereto as **Exhibit A**.

b.  4th Gen Toyota 4runner Modular Storage Panel System Trade Dress 4th Gen Toyota 4runner Modular Storage Panel System Trade Dress consists of a panel that is a generally hexagonal shape with rounded corners. There is a lower edge having eight circular orifices and two obround orifices. A concave, rounded second edge extends upward and to the right from the lower edge at approximately 112 degrees relative to the lower edge; a generally straight third edge extends vertically from the second edge at approximately ninety degrees relative to the lower edge; a generally straight fourth edge extends horizontally to the left from the third edge and is generally parallel to the lower edge; a fifth edge extends downward and to the left from the fourth edge, and is approximately 60 degrees relative to the lower edge; a sixth edge is generally parallel to the fifth edge and generally extends from a concave curvature at the fifth edge and extends down to the left end of the lower edge. The angle created by the sixth edge and the lower edge is approximately 60 degrees. An obround orifice is located at the interior of said angle. The Rago Grid exists interior to the six edges. The overall appearance has a very distinctive design. This smooth, sturdy, low profile product provides Rago Fabrication an inherently distinct design that is aesthetically

pleasing to its customers. A picture of the 4th Gen Toyota 4runner Modular Storage Panel System Trade Dress is attached hereto as **Exhibit B**.

c.   5th Gen Toyota 4runner Modular Storage Panel System Trade Dress: 5th Gen Toyota 4runner Modular Storage Panel System Trade Dress consists of a panel having two members; a generally hexagonal shaped first member connected to a generally triangular shaped second member; both members comprising the Rago Grid and obround orifices staggered around the perimeter; the second member extending at a slight upward angle from one edge of the hexagonal shaped first member, creating a very distinctive design. This smooth, sturdy, low profile product provides Rago Fabrication an inherently distinct design that is aesthetically pleasing to its customers. A picture of the 5th Gen Toyota 4runner Modular Storage Panel System Trade Dress is attached hereto as **Exhibit C**.

11.      Several products included within the MSPS Trade Dress described above are sold in corresponding pairs (i.e., left and right pieces).

12.      Over the course of several years, Rago has spent significant amounts of resources developing, marketing and promoting the MSPS Trade Dress, and these products are now sold across the United States and beyond to countless members of the Off Roading Community.

13.      As a result of the distinctive design of Rago's MSPS Trade Dress, the success of the products and Rago's extensive marketing and promotion of the same, the MSPS Trade Dress has acquired substantial recognition among the consuming public and the consuming public associates these distinctive designs with Rago and their products and services.

14.     Rago has established an excellent reputation as to the quality of its goods and services. The inherently distinctive design of the MSPS Trade Dress is recognized by members of the consuming public as indicators of high quality products associated with Rago.

### B.  Defendants and Their Infringing Products

15.     On or about November 11, 2019, Brian Masters ("Masters") created an Instagram account titled Outbound_Nevada. That account posted pictures of Toyota 4Runners offroading in the American Southwest.

16.     On or around January 23, 2020, the Outbound_Nevada account posted its first image of a product. In particular, the post showed a CAD image of a mount intended for a Toyota 4Runner accompanied by the message: "A little rack sneak peak [*sic*]. We are working hard and hope to enter the market soon! Thanks for all the support so far -dont [*sic*] worry the render [*sic*] has hard lines- final product will be smooth" followed by a string of hashtags (e.g., #3rdgen4runner).

17.     On or around February 12, 2020, the Outbound_Nevada account posted an image of a panel nearly identical to the Rago 3rd Gen Toyota 4runner Modular Storage Panel System Trade Dress, accompanied by the message: "Coming soon! Stay tuned everyone we are going to bring these side panel [*sic*] to market *without charging you $39482 for them*" followed by a string of hashtags. **Exhibit D** (emphasis added). For reference, $394.82 is within ten dollars of Rago's listed price for the 3rd Gen Toyota 4runner Modular Storage Panel System.

18.     Over the next few weeks and months, the Outbound_Nevada account published several more posts illustrating the same panel. **Exhibit E**.

19.     On or about April 9, 2020, Rago discovered the Outbound_Nevada account and realized Brian Masters was selling a mounting panel that is nearly identical to the Rago 3rd Gen Toyota 4runner Modular Storage Panel System Trade Dress.



| Company: | Outbound Nevada | | Company: | Rago Fabrication |
|---|---|---|---|---|
| Product: | 3rd Generation Side Panel | | Product: | 3rd Gen Toyota 4Runner Modular Storage Panel System |

20.     On further investigation, it became clear:

1) Brian Masters previously purchased a Rago 3rd Gen Toyota 4runner Modular Storage Panel System from Rago, and subsequently returned it to Rago (**Exhibit F**);

2) Masters was undercutting Rago's pricing (**Exhibit G**);

3) Customers associated the panel manufactured by Masters with Rago, and appreciated Masters's lowball pricing (**Exhibit G**); and

4) Masters recognized the propriety of said designs as demonstrated by his refusal to share drawings. **Exhibit H**.

21.     On May 4, 2020, the undersigned sent a letter to Masters inquiring about his panel and asking that he stop manufacturing and selling the panel. **Exhibit I**.

22.     On May 7, 2020, Brian Masters formed Outbound Nevada LLC, a Nevada limited liability company.

23.     On May 11, 2020, the undersigned received a letter from Masters indicating he and Outbound Nevada refused to stop manufacturing and selling the panel. **Exhibit J**.

24.     On information and belief, Masters and Outbound Nevada continue to manufacture and sell the panel nearly identical to the Rago 3rd Gen Toyota 4runner Modular

Storage Panel System Trade Dress. By selling a panel that is nearly identical to the Rago 3rd Gen Toyota 4runner Modular Storage Panel System Trade Dress, Masters and Outbound Nevada infringe on the trade dress rights of Rago and are committing unfair competition in violation of the *Lanham Act* and common law.

23.     This tortious behavior causes significant harm to Rago. For instance, Rago has lost sells and will continue to lose sells. Additionally, Defendants' use of the MSPS Trade Dress creates a likelihood of confusion with customers. Such likelihood of confusion is harmful to Rago. Because Rago cannot exercise control over the quality of Defendants' goods or services, Rago is at significant risk of harm to its reputation. Such risk of harm is irreparable.

## IV.     CAUSES OF ACTION

### COUNT 1
### A.     FEDERAL TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

24.     Each of the preceding paragraphs is incorporated by reference under this count.

25.     Rago is the owner of all rights and title to the MSPS Trade Dress.

26.     Rago's MSPS Trade Dress designs are entitled to protection because each design is inherently distinctive and not functional and/or it has acquired distinctiveness.

27.     By the aforesaid acts, Defendants have infringed on Rago's MSPS Trade Dress and committed unfair competition in violation of § 32 of the Lanham Act, 15 U.S.C. § 1125(a).

28.     Defendants' acts have been willful and in conscious disregard of the trade dress rights of Rago.

29.     Rago has suffered, is suffering, and will continue to suffer irreparable injury for which Rago has no adequate remedy at law.

30.     Rago is entitled to a preliminary and permanent injunction preventing Defendants' further infringement.

31.     As a result of Defendants' actions, Defendants are realizing a profit and will continue to realize a profit from their unlawful actions. Defendants' unlawful actions are causing and will cause Rago monetary damages. The amount of these damages is not yet determined. Pursuant to 15 U.S.C. §1117(a), Rago is entitled to and seeks Defendants' profits, actual damages, and costs of this action and such additional relief as may be deemed appropriate and awarded by this Court.

32.     On information and belief, Defendants' acts of trade dress infringement and unfair competition have been and continue to be deliberate and willful and warrant an award of enhanced damages. In addition, Rago is entitled to and seeks a finding that this case is exceptional and warrants an award of attorneys' fees pursuant to 15 U.S.C. §1117(a).

<u>**COUNT 2**</u>
B.     **COMMON LAW TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION**

33.     Each of the preceding paragraphs is incorporated by reference under this count.

34.     Defendants' aforesaid conduct has and is likely to confuse, mislead or deceive purchasers or potential purchasers and constitutes trade dress infringement and/or unfair competition under the laws of the State of Texas.

35.     Defendants' acts of common law unfair competition have resulted in profits to Defendants and caused great harm and damage to Rago. The amount of these damages is not yet determined. Rago seeks actual damages, exemplary damages, and such additional relief as may be deemed appropriate and awarded by this Court.

36.     Based upon information and belief, Defendants will continue their willful acts of unfair competition unless enjoined by this Court. Rago seeks a preliminary and permanent

injunction against further acts of trade dress infringement and/or unfair competition by Defendants.

**COUNT 3**
**C.      UNJUST ENRICHMENT**

37.      Each of the preceding paragraphs is incorporated by reference under this count.

38.      By wrongfully misappropriating the goodwill Rago has developed in its MSPS Trade Dress through Defendants' use of the MSPS Trade Dress, Defendants have been unjustly enriched to the material detriment of Rago.

39.      Defendants' actions have caused, and will continue to cause, irreparable harm to Rago unless preliminary and permanently enjoined.

40.      Defendants' acts have resulted in profits to and caused great harm and damage to Rago. The amount of these damages is not yet determined.

41.      Rago seeks actual damages, exemplary damages and such additional relief as may be deemed appropriate and awarded by the Court.

42.      Additionally, Rago asks the Court to require a constructive trust be placed on all of Defendants' property, including funds withdrawn or distributed, currently in the possession of Defendants, and Defendants should be required to disgorge all ill-gotten gains.

**V.      DEMAND FOR JURY TRIAL**

Rago demands trial by jury on all issues so triable.

**VI.      PRAYER FOR RELIEF**

WHEREFORE, Rago prays that the Court enter a judgment against Defendants granting Plaintiff the following relief:

1.      Finding Defendants and their officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privy or active concert with Defendants, or on behalf of Defendants have infringed Rago's MSPS Trade Dress.

2.      Defendants and their officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privy or active concert with Defendants, or on behalf of Defendants, be preliminarily and permanently enjoined and restrained from, directly or indirectly:

    a.      Using any of the MSPS Trade Dress, or any trade dress confusingly similar thereto.

    b.      Creating any confusion with Plaintiff's MSPS Trade Dress;

    c.      Advertising with the MSPS Trade Dress;

    d.      Causing confusion or the likelihood of confusion, mistake or deception between Plaintiff and Defendants;

    e.      Engaging in unfair competition that is likely to confuse or deceive purchasers or potential purchasers; and

    f.      Otherwise unfairly competing with Plaintiff in any manner;

3.      Ordering Defendants to pay Plaintiff any damages suffered by Plaintiff as a result of Defendants' conduct described herein;

4.      Ordering Defendants to pay Plaintiff the Defendants' profits arising from the infringing products;

5.      Requiring a constructive trust be placed on all of Defendants' property, including funds withdrawn or distributed, currently in the possession of Defendants, and Defendants should be required to disgorge all ill-gotten gains.

6.      Awarding Plaintiff prejudgment and postjudgment interest.

7.      Awarding Plaintiff enhanced damages, attorneys' fees, and costs of court as the result of Defendants' acts of infringement and unfair competition that were deliberate and willful, and because this is an exceptional case; and

8.      Awarding Plaintiff such other relief as the Court deems proper.

Respectfully submitted,

GUNN, LEE & CAVE, P.C.
8023 Vantage Drive, Suite 1500
San Antonio, Texas 78205
Tel:  (210) 886-9500
Fax:  (210) 886-9883

/s/ Nick Guinn
Robert L. McRae
Texas State Bar No. 24046410
rmcrae@gunn-lee.com
Nick Guinn
Texas State Bar No. 24087642
nick@gunn-lee.com

ATTORNEYS FOR PLAINTIFF